UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* REDACTED \***
**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:20-CV-2299-CAS (SKx)<br>2:20-CV-2250-CAS (SKx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL.<br>QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang<br>Deputy Clerk | Not Present<br>Court Reporter / Recorder | N/A<br>Tape No. | |
| Attorneys Present for Plaintiffs:<br>Not Present | | Attorneys Present for Defendants:<br>Not Present | |

Proceedings:   [REDACTED] – (IN CHAMBERS) - EKO'S MOTION TO DISMISS QUIBI'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO CONSOLIDATE (Case No. 2:20cv02250 ECF No. 39-1, filed May 26, 2020)

QUIBI'S MOTION TO DISMISS EKO'S SECOND AMENDED COMPLAINT (Case No. 2:20cv02299 ECF No. 149, filed June 1, 2020)

## I.    INTRODUCTION

These actions concern a dispute over the ownership and use of technology used to stream interactive video through mobile devices, like smartphones and tablets, in different visual orientations simultaneously.

Quibi Holdings LLC ("Quibi") filed the first-filed action on March 9, 2020, see Case No. 2250 ("Quibi ECF") No. 1, and the operative first amended complaint on May 12, 2020, see Quibi. ECF No. 25 ("Quibi FAC"). Quibi's first amended complaint requests (1) a declaration of non-infringement of all claims of U.S. Patent No. 10,460,765 ("the '765 patent") owned by Interlude US, Inc. and its parent company JBF Interlude 2009 Ltd., which together do business under the brand name Eko, as well as (2) a declaration that Quibi has not misappropriated any trade secret from Eko. See Quibi FAC ¶¶ 34-57.

Eko filed a separate action against Quibi on March 10, 2020. See Case No. 2299 ("Eko ECF") No. 1. On May 27, 2020, Eko filed the operative second amended complaint, which added Quibi executive Jeffrey Katzenberg and Quibi employees Clifton J. Smith,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* REDACTED \***
**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:20-CV-2299-CAS (SKx) <br> 2:20-CV-2250-CAS (SKx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

Joseph Burfitt, Robert A. Post, Jr., Blake Barnes, and Eric Buehl as co-defendants. See Eko ECF No. 129 ("Eko SAC"). The second amended complaint alleges nine claims for relief: (1) breach of implied contract for idea submission under California law against Katzenberg and Quibi; (2) misappropriation of trade secrets pursuant to the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1839 et seq., against Quibi, Smith, and Burfitt; (3) infringement of the '765 patent against Quibi; (4) infringement of U.S. Patent No. 8,600,220 ("the '220 patent") against Quibi; (5) infringement of U.S. Patent No. 10,418,066 ("the '066 patent") against Quibi; (6) breach of contract related to a non-disclosure agreement against Quibi, Smith, and Burfitt; (7) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), against Quibi; (8) correction of inventorship as to U.S. Patent No. 10,554,926 ("the '926 patent"), pursuant to 35 U.S.C. § 256, against all defendants except Katzenberg; and (9) declaratory judgment as to ownership of the '926 patent, against Quibi. See Eko SAC ¶¶ 58-161.

On July 6, 2020, the Court denied Eko's motion for a preliminary injunction, without addressing the merits of Eko's underlying claims, on grounds that Eko had not presented facts sufficient to establish irreparable injury. See Eko ECF No. __ (forthcoming pending redactions).

Eko filed its instant motion to dismiss Quibi's first amended complaint, or in the alternative, to consolidate the two pending actions on May 26, 2020. See Quibi ECF No. 39-1 ("Eko MTD"). Quibi filed an opposition on June 22, 2020. See Quibi ECF No. 42 ("Quibi MTD Opp."). Eko filed a reply on June 29, 2020. See Quibi ECF No. 43 ("Eko MTD Reply").

Quibi filed its instant motion to dismiss Eko's second amended complaint on June 1, 2020. See Eko ECF No. 149 ("Quibi MTD"). Eko filed an opposition on June 18, 2020. See Eko ECF No. 171-1 ("Eko MTD Opp."). Quibi filed a reply on June 29, 2020. See Eko ECF No. 183 ("Qubi MTD Reply"). The Court held a hearing on July 13, 2020.

Having considered the parties' pleadings and submissions, the Court concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* REDACTED \***
**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:20-CV-2299-CAS (SKx) <br> 2:20-CV-2250-CAS (SKx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

## II.    RELEVANT FACTS ALLEGED

Unless otherwise indicated, the Court accepts the truth of the parties' respective allegations for the purpose of resolving the pending motions to dismiss those allegations.[1]

### A.    Eko's Claimed Rotation Technology

Eko is a media and technology company that provides an interactive video platform designed to be viewed on mobile devices. Eko SAC ¶ 16. In 2012, Eko claims it began developing technology that allows mobile device users to seamlessly transition between viewing mobile videos in either the vertical "portrait" or horizontal "landscape" orientation of their device, while still filling full screen space in either orientation. Id. ¶¶ 24-25 (the "rotation technology"). The rotation technology delivers different video content depending on the user's selected orientation. Id. Eko alleges that the ideas behind the rotation technology are the subject of the '765 patent, the '220 patent, and the '066 patent (the "Eko patents") that Eko applied for and obtained between 2012 and 2019. See id. ¶¶ 19-22.

Eko claims that one method to implement the ideas behind the rotation technology, not disclosed in the Eko patents, is what it calls its Optimized Real Time Switching ("ORTS") method. Id. ¶ 27. Eko claims that its ORTS method is a trade secret that [REDACTED] Id. Eko alleges that it has taken a number of steps to protect the trade secret information underlying the ORTS method, including storing its source code on password protected servers, limiting disclosure, and requiring persons to whom the method is disclosed to sign non-disclosure agreements. Id. ¶ 18.

---

[1] The ensuing narrative draws principally from the facts alleged in Eko's seconded amended complaint, since Quibi's motion to dismiss targets the sufficiency of those allegations, whereas Eko's motion to dismiss turns upon the Court's discretion pursuant to the Declaratory Judgment Act, and not the adequacy of what Quibi has pled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* REDACTED \***
**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20-CV-2299-CAS (SKx) <br> 2:20-CV-2250-CAS (SKx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

### B.   Eko Meets with Katzenberg in March 2017

Katzenberg and other investors founded Quibi in October 2017. Id. ¶¶ 3, 9, 30. Quibi operates a mobile device application that streams short "quick bite" videos to users. Id. ¶ 24. On March 22, 2017, prior to Quibi's founding, Eko's co-founder Yoni Bloch met with Katzenberg allegedly to demonstrate Eko's non-confidential rotation technology. Id. ¶¶ 28, 59. Eko claims that the purpose of the meeting was to pitch Katzenberg on purchasing, or licensing, the rotation technology from Eko. Id.

Following their March 22, 2017 meeting, Katzenberg wrote to Bloch stating that he was "excited to learn about your business and get the chance to see some of the amazing products you've already created." Id. ¶ 28, Ex. 4. "As discussed," Katzenberg continued, "given what my partners and I are building at [Quibi] and assuming it makes sense to you, I'm happy to continue the conversation." Id. Katzenberg then asked Bloch for "a deck and any materials" he could "share with" his partners about the demonstrated rotation technology. Id. Bloch sent Katzenberg the materials he requested. Id. ¶ 29, Ex. 4. Specifically, Bloch sent Katzenberg what Eko claims were non-confidential materials including video clips of mobile devices demonstrating the patented rotation technology. Id. Quibi did not ultimately purchase or license the rotation technology from Eko in 2017. Id. ¶ 30.

### C.   Eko Meets with Smith and Burfitt from Quibi in March 2019

Despite not completing a deal for Eko's rotation technology in 2017, Eko alleges that Quibi remained interested in integrating the rotation technology (or its functional equivalent) into Quibi's mobile application. Id. ¶¶ 31-32. In March 2019, Quibi employees Smith and Burfitt met with Eko executives at Eko's office in New York, allegedly to discuss licensing Eko's rotation technology to Quibi. Id. ¶ 32. According to Eko, Quibi had previously represented that Quibi had not developed, or obtained, any technology that provides the sort of user experience and functionality provided by Eko's rotation technology. Id. ¶ 32.

Before beginning the meeting in New York, Smith and Burfitt signed non-disclosure agreements with Eko promising to keep confidential, and not to use, any confidential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* REDACTED \***
**CIVIL MINUTES – GENERAL**                        'O'

| Case No. | 2:20-CV-2299-CAS (SKx) <br> 2:20-CV-2250-CAS (SKx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

information disclosed by Eko during the course of the meeting. Id. ¶ 47, Exs. 5 & 6 (the "Quibi NDA"). Specifically, the Qubi NDA states that it applies to "any disclosure of any Confidential Information to be made" after the agreements were signed. Id., Exs. 5 & 6 at 1 and § 3.3. Eko does not allege what, if any, confidential information it disclosed to Smith or Burfitt at this meeting.

At some point during the meeting with Eko, Smith and Burfitt demonstrated for Eko the user experience that Quibi intended to offer in its forthcoming mobile application. The demonstration showed videos on mobile devices that would appear to transition between landscape and portrait mode while still filling the whole screen. Id. ¶¶ 33, 47. According to Eko, Smith and Burfitt described the demonstration as a simulation intended to impress and attract investors, and represented that Quibi did not actually possess the technology. Id. ¶ 33. Eko believed the demonstration appeared to deploy the invention claimed in Eko's '765 patent, reminded Quibi that it had patented and patent-pending applications covering the technology, and insisted that Quibi would need a license to use it. Id.

### D.   Eko Previously Disclosed The ORTS Method to Smith and Burfitt in 2015

Prior to meeting with Smith and Burfitt at Eko's New York offices in March 2019, Eko representatives met with Smith and Burfitt in December 2015, when the pair was employed by Snapchat, Inc. Id. ¶ 36. Smith and Burfitt signed a non-disclosure agreement with Eko at that meeting. Id. ¶ 36 (the "Snapchat NDA"). The Snapchat NDA required Burfitt and Smith ████████████████████████████████████████████████████ ████████████████████████████████████ Id. The Snapchat NDA also states that ████████████████████████████████████████████████████████████████████ ████████████ Id.

Subject to the protections of the Snapchat NDA, Eko alleges that it disclosed its ORTS method to Smith and Burfitt, and subsequently collaborated with Smith and Burfitt on projects involving the ORTS method for some time thereafter. Id. ¶ 38. In particular, Eko alleges that Smith and Burfitt participated in Eko-hosted workshops that disclosed the technology underlying the ORTS method, and taught Smith and Burfitt how the ORTS method works. Id. Eko alleges that Smith and Burfitt also received links to demonstrative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* REDACTED \***
**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-2299-CAS (SKx) 2:20-CV-2250-CAS (SKx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

videos that would have enabled Smith and Burfitt to obtain, understand, and use the ORTS method on their own. Id.

Smith and Burfitt left Snapchat and joined Quibi in October 2018. Id. ¶¶ 41, 43.

### E.     Quibi Debuts Turnstyle in January 2020, And Launches in April 2020

According to Eko, Quibi did not possess anything like Eko's rotation technology prior to hiring Smith and Burfitt in October 2018. Id. ¶ 44. Following Smith and Burfitt's arrival in October 2018, however, Eko claims that Quibi began to prioritize developing such a technology that it would come to call "Turnstyle." Id. ¶ 45. Eko alleges that Quibi developers presented the idea for the Turnstyle rotation technology to the Quibi board of directors at a November 8, 2018 board meeting, and created a prototype that was operable in February 2019. Id. Quibi applied for the '926 patent for the Turnstyle technology on May 19, 2019 and received the patent on February 20, 2020. According to Eko, Quibi's development of Turnstyle relied upon the use of Eko trade secrets (including the ORTS method) and other confidential information that Eko had previously disclosed to Smith and Burfitt subject to the Snapchat NDA, as well as other non-confidential information that Smith Burfitt acquired from their prior collaboration with Eko. Id. ¶ 50. Eko alleges a host of similarities between the '926 patent filed by Quibi and the earlier-filed '765 patent filed by Eko. Id. ¶¶ 50, 140-44.

Eko discovered that Quibi had developed Turnstyle at the January 2020 CES trade show in Las Vegas, Nevada. Id. ¶ 34. The day before Quibi was due to present a demonstration of its platform in a keynote presentation to the trade show, Eko and Quibi representatives held a meeting in which Quibi would not reveal what Quibi intended to present. Id. At the keynote presentation, Eko watched as Quibi demonstrated the Turnstyle feature, which, according to Eko, appeared to imitate Eko's rotation technology in every material respect. Id.

Eko thereafter notified Quibi of its suspected infringement and misappropriation, and spent the next several weeks attempting to resolve the dispute out of court. Id. ¶¶ 52-55. With no resolution in place, Quibi launched its mobile application, featuring Turnstyle and the disputed technology, on April 6, 2020. Id. ¶ 56. At that time, Eko claims that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* REDACTED \***
**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:20-CV-2299-CAS (SKx) <br> 2:20-CV-2250-CAS (SKx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

Quibi also changed its logo from the letter Q placed on a black background with a blue-to-red gradient and a wordmark to a white letter Q placed inside a purple square that, Eko alleges, is similar to its own logo featuring its wordmark over a purple square:




According to Eko, the similarity has confused customers about Eko's connection to Quibi, and about the ownership and provision of Eko's products and services more generally. Id. ¶ 56.

### III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

* REDACTED *
CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:20-CV-2299-CAS (SKx) <br> 2:20-CV-2250-CAS (SKx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see also Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## IV. DISCUSSION

The parties' respective motions to dismiss are now before the Court. The Court addresses each in turn.

### A. Eko's Motion To Dismiss, Or In The Alternative, To Consolidate

Eko moves to dismiss Quibi's first-filed Declaratory Judgement Act claim, which asks the Court to declare that Quibi did not infringe on Eko's '765 patent and did not misappropriate Eko's trade secrets. Eko's motion to dismiss asserts that the Court should exercise its discretion to dismiss this action in the interest of judicial and litigant economy, and the just and effective disposition of disputes. See Eko MTD at 1-8. Eko further argues that Quibi's action was purely anticipatory, and that the Court has additional discretion to dismiss on that basis. Id. at 8.

In response, Quibi asserts that its action was first-filed, which weighs against dismissal. See Quibi MTD Opp. at 5-6. In addition, Quibi contests that it would be in the interest of judicial economy to sustain their action, given that it raises issues that Eko's subsequent action does not. Id. at 1. And Quibi also disputes that its action was purely anticipatory. Id. at 6-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* REDACTED \***
**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:20-CV-2299-CAS (SKx) <br> 2:20-CV-2250-CAS (SKx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

The Court agrees with Quibi. District courts have "unique and substantial discretion" to consider actions for declaratory relief. Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). In the patent context, courts considering dismissing a first-filed declaratory action in favor of a later-filed infringement action generally maintain the first-filed action "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes" require dismissal. Serco Services Co., L.P. v. Kelley Co., Inc., 51 F.3d 1037, 1039 (Fed. Cir. 1995) (internal quotations omitted) (citing Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 937 (Fed. Cir. 1993)).

Exercising its discretion in this case, the Court finds that judicial economy does not require dismissal of the Quibi action. This is not a case where dismissal would improve access to witnesses or evidence. Cf. Serco, 51 F.3d at 1040 (finding that a court in the Northern District of Texas properly dismissed an action for declaratory judgement in favor of an action in Wisconsin, because that was where defendant's witnesses and documents were located). Both actions between the parties are before this Court, and though judicial economy may for that reason counsel in favor of consolidation, it does not require dismissal. Quibi is also correct that the status of their action as first-filed weighs against dismissal, see Genentech, 998 F.2d at 937, and Eko does not raise a compelling basis to overcome that consideration. While Eko contends that Quibi's filing was purely anticipatory, even if it were, that fact alone would not justify dismissal of the first-filed action. See Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1348 (Fed. Cir. 2005) (holding that dismissal of first-filed action is improper where "the court's decision is left to rest exclusively on the alleged anticipatory nature of [plaintiff's] suit").

Because Eko does not identify additional compelling factors that might overcome the presumption in favor of the first-filed action, the Court **DENIES** Eko's motion to dismiss the Quibi action altogether.

In the alternative, Eko moves to consolidate its action with Quibi's action. See Eko MTD at 9-10. Quibi does not oppose consolidation. See Quibi MTD Opp. at 8. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court has discretion to join or consolidate actions involving a common question or law or fact. Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* REDACTED \***
**CIVIL MINUTES – GENERAL**          'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-2299-CAS (SKx)<br>2:20-CV-2250-CAS (SKx) | Date | July 28 2020 |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL.<br>QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

1989) (citing Fed. R. Civ. P. 42(a)). Courts exercising this discretion "weigh[] the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Ferguson v. Corinthian Colleges Inc., No. 11-CV-0127-DOC, 2011 WL 1519352, at \*2 (C.D. Cal. Apr 15, 2011).

The Court finds that consolidation is appropriate here. The two actions here involve closely related questions of law and fact, and consolidating them would promote the interests of judicial and litigant economy without prejudicing either party or action. The Court therefore exercises its discretion to **GRANT** Eko's unopposed motion in part, and consolidate the two actions for the purposes of pre-trial proceedings. The Court reserves judgment as to whether to consolidate the two actions for trial.

    **B.**    **Quibi's Motion To Dismiss**

Quibi moves to dismiss all nine claims for relief alleged in the second amended complaint. The Court addresses Quibi's motion to dismiss each claim as follows.

    **(1)**    **Implied Contract Claim**

"[T]he California Supreme Court has held that contract law may provide protection to a person who submits an idea to others with the understanding that the idea is submitted in consideration for a promise of payment for its use." Jordan-Benel v. Universal City Studios, Inc., 859 F.3d 1184, 1191 (9th Cir. 2017) (citing Desny v. Wilder, 46 Cal. 2d 715, 735-37 (1956)). To state a Desny claim for an implied contract for idea submission under California law, the Ninth Circuit has held that a plaintiff must allege "that the plaintiff [1] prepared the work, [2] disclosed the work to the offeree for sale, and [3] did so under circumstances from which it could be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work." Grosso v. Miramax Film Corp., 383 F.3d 965, 967 (9th Cir. 2004); see also Montz v. Pilgrim Films & Television, Inc., 649 F.3d 975, 976 (9th Cir. 2011) (en banc) (stating that "Grosso has firm roots in our federal law as well as in the California law").

Eko alleges that Katzenberg and Quibi are liable for breaching an implied contract related to Eko's submission of its non-trade secret rotation technology at the parties' March 22, 2017 meeting. See Eko SAC ¶¶ 58-64. Quibi and Katzenberg move to dismiss on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* REDACTED \***
**CIVIL MINUTES – GENERAL**             'O'

| Case No. | 2:20-CV-2299-CAS (SKx) <br> 2:20-CV-2250-CAS (SKx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

grounds that (1) Eko's patent application publicly disclosed the non-trade secret rotation technology prior to the parties' meeting, and (2) that Eko fails to allege that Eko offered the rotational technology for sale, or that Katzenberg (and therefore Quibi) knew or should have known that providing some reasonable consideration for Eko's rotational technology was a condition for accepting its disclosure. See Quibi MTD at 4-6.

The Court agrees with Quibi.[2] Had Eko alleged facts indicating that the non-trade secret ideas disclosed to Katzenberg at the March 22, 2017 meeting were non-public, the Court might have inferred from the circumstances of the parties' meeting and Katzenberg's subsequent e-mail to Eko that Katzenberg had accepted Eko's disclosure "with the understanding and expectation" that Eko "would be reasonably compensated for its use" by Quibi. Grosso, 383 F.3d at 967; see Eko SAC ¶¶ 25, 28-29. But that is not what Eko alleges. As Quibi points out, Eko alleges that on March 2, 2017—nearly three weeks before the parties' meeting—it publicly disclosed the non-trade secret aspects of its rotation technology in the patent application for what would become the '765 patent. Id. ¶ 20 & Ex. 1 (attaching patent application published March 2, 2017).

These facts are more akin to those at issue in Jonathan Browning, Inc. v. Venetian Casino Resort, LLC, No. 07-CV-3983-JSW, 2007 WL 4532214 (N.D. Cal. Dec. 19, 2007). That case involved a design firm that pitched the Venetian Casino Resort in Las Vegas to purchase its sconces to decorate the Venetian's hotel rooms. The Venetian did not accept the design firm's pitch, but the design firm later discovered that the hotel had allegedly placed thousands of sconces closely resembling its own in its hotel rooms. The design firm sued *inter alia* on a Desny theory, alleging that the Venetian should have known that the disclosure of its sconce design was conditioned on an implied agreement by the Venetian to provide consideration for the sconce design before using it. The court dismissed the design firm's claim because its complaint revealed that the firm had previously disclosed the designs at issue "to the general public prior to submitting its bid to the Venetian." Id.

---

[2] At the hearing, the Court expressed an inclination to revisit this determination. Having done so, however, the Court maintains its tentative ruling. While it might be possible for Eko to state an idea theft claim under Desny, Eko should first plead the missing allegations discussed in this section that address the Court's concerns.