GOODWIN PROCTER LLP
I. Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
Elizabeth J. Low (SBN 308098)
elow@goodwinlaw.com
601 Marshall Street
Redwood City, California  94063
Telephone:  (650) 752-3100
Facsimile:  (650) 853-1038

GOODWIN PROCTER LLP
Darryl M. Woo (SBN 100513)
dwoo@goodwinlaw.com
Three Embarcadero Center
San Francisco, California  94111
Telephone:  (415) 733-6000
Facsimile:  (415) 677-9041

Attorneys for Plaintiffs
JBF Interlude 2009 Ltd. and
Interlude U.S., Inc. d/b/a eko

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| QUIBI HOLDINGS, LLC<br><br>Plaintiff,<br><br>v.<br><br>INTERLUDE U.S., INC. d/b EKO;<br>and JBF INTERLUDE 2009 LTD. -<br>ISRAEL,<br><br>Defendants. | Case No. 2:20-cv-2250-CAS(SKx) –<br>LEAD CASE<br><br>**STIPULATED PROTECTIVE<br>ORDER**<br><br>**[Discovery Document: Referred to<br>Magistrate Judge Steve Kim]** |
| JBF INTERLUDE 2009 LTD, and<br>INTERLUDE U.S., INC. d/b/a EKO<br><br>Plaintiffs,<br><br>v.<br><br>QUIBI HOLDINGS, LLC, CLIFTON J.<br>SMITH, JOSEPH BURFITT, ROBERT<br>A. POST, JR., BLAKE BARNES, ERIC<br>BUEHL, AND JEFFREY<br>KATZENBERG,<br><br>Defendants. | Case No. 2:20-cv-2299-CAS(SKx)-<br>CONSOLIDATED |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.1    Protected Materials designated under the terms of this Protective Order shall be used by a Receiving Party solely for the consolidated actions, and shall not be used directly or indirectly for any other purpose whatsoever.

1.2    Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

B.  <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve confidential or proprietary information, or trade secrets and other valuable research, development, commercial, financial, technical or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is

2

warranted. Such confidential and proprietary materials and information consist of, among other things, technical information regarding non–public software or software development, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), confidential third–party information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good–faith belief that it has been maintained in a confidential, non–public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

    2.1   Action: consolidated actions.

    2.2   Challenging Party: a Party or Non–Party that challenges the designation of information or items under this Order.

    2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, or

commercially sensitive information.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non–Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, including from any non–party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Discovery Material that contains or reflects information that is extremely confidential or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non–public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, third–party confidential information, and other non–public information of similar competitive and business sensitivity.

2.9     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items:  Discovery Material that comprises or

4

includes confidential, proprietary, or trade secret Source Code.

2.10   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non–Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non–Party that produces Disclosure or Discovery Material in this Action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.  Protected Material shall not include materials that have been actually published or publicly disseminated, or is otherwise publicly available.

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18   <u>Source Code</u>: computer code, scripts, assembly, binaries, object code,

5

source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

3.   <u>SCOPE</u>

3.1   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2   Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

3.3   Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

3.4   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

3.5   Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

3.6   This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non–Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7

5.2     Available Designations.  Any Producing Party may designate Discovery material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL," "HIGHLY  CONFIDENTIAL – ATTORNEYS'  EYES  ONLY," or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE."   A Producing Party may designate Discovery Material under each confidentiality designation, as defined in section 2.

5.3     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, including "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the appropriate confidentiality designation listed in Paragraph 5.2, to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  The Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, or communication in which the documentary files were contained.

In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re–designated, as appropriate during the copying process.  Then, before producing the specified documents, the Producing Party must

8

affix the appropriate confidentiality designation to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions, Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record on the date the testimony is given.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate confidentiality designation.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     for electronic files and documents that are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," material, or

shall use any other reasonable method for so designating Protected Materials produced in electronic format.  A person seeking to use the image from a document produced in native file format shall abide by the appropriate designation of such image or document and confirm that no information has been altered.

5.4   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>.  Any Party or Non–Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non–Party in connection with this

Action only for prosecuting, defending, or attempting to settle this Action or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

7.2     Secure Storage.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3     Patent Prosecution Bar.  Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information shall not be involved, directly or indirectly, in any of the following activities: (a) the prosecution of patents or patent applications, on behalf of the Receiving Party, related to video production, video compression, video streaming, video encoding, video delivery and playback, and video distribution; and (b) the prosecution of the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims in a patent application or patent. To avoid any doubt, "prosecution" as used in this paragraph does not include outside counsel of record representing a party challenging (but not defending) a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, post grant review or *inter partes* review).

This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action. This Prosecution Bar shall apply on an individual–by–individual basis and not to a law firm.

7.4    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    any outside experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and only to the extent necessary to perform their tasks, provided that such expert  has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, stenographers, and videographers retained to record testimony taken in this action, and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information

or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)     any other person with the prior written consent of the Producing Party.

7.5     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Material Without Further Approval.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" without further approval only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, but only those individuals whose duties and responsibilities in connection with this action require access to such Highly Confidential Information and who comply with the patent prosecution bar provisions of Section 7.3 above;

STIPULATED PROTECTIVE ORDER

(b) the Court and its personnel;

(c) court reporters, stenographers, and videographers retained to record testimony taken in this action, and their staff;

(d) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(h) any other person with the prior written consent of the Producing Party.

7.6    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Material to House Counsel or Experts.  Unless agreed to in writing by the Designating Party:

(a) A party seeking to disclose to House Counsel any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must first make a written request to the Designating Party providing the full name of the House

14

Counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision–making.  House Counsel are not authorized to receive material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(b)     A party seeking to disclose to an outside expert (as defined in this Order) retained by Outside Counsel of Record any material or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" must first make a written request to the Designating Party that (i) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the expert, (ii) sets forth the full name of the expert and the city and state of his or her primary residence, (iii) attaches a copy of the expert's current resume, (iv) identifies the expert's current employer(s), (v) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (vi) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past five years.  If the expert believes any of the information at (iv) – (vi) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the Designating Party regarding any such confidentiality obligations.

(c)     A party that makes a request and provides the information specified in Sections 7.6(a) or 7.6(b) may disclose the Designated Material to the

identified House Counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the Designating Party providing detailed grounds for the objection.

(d)     All challenges to objections from the Designating Party shall proceed under Local Rule 37-1 through Local Rule 37-4, and Judge Kim's Procedures on Discovery Matters and Informal Discovery Dispute Resolution.

8.     SOURCE CODE

8.1     Protocol for Remote Source Code Review.  This provision shall govern remote Source Code review in light of travel and building access restrictions during the COVID–19 public health emergency.  This provision shall remain in effect until local conditions in the city in which the source code is located permit safe in–person inspection of source code at the offices of the Designating Party's Outside Counsel under section 8.2 of this Protective Order, or upon mutual agreement of the parties.

(a)     Location of Remote Source Code Review:  Any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" produced in discovery shall be made available for inspection, in a native source code file format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, for remote review using a mutually agreed–upon vendor.  The source code shall be made available for inspection on a secured virtualized environment that may be accessed on a locked down laptop that will be provided for the Receiving Party.  The Receiving Party shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device, including screen captures in the virtualized environment.  The locked down laptop provided for source code review shall be configured to prohibit installation of software as well as other security restrictions, including disabling all USB ports, Bluetooth access, print screen, and Snipping Tool.  The review on a secured virtualized environment will be done over video conferencing in a shared

screen session as set forth in Section 8.1(b) below.

(b)    <u>Secured Virtualized Environment.</u>  The Virtual Machine (VM) environment will consist of two VMs: Landing VM and Review VM.  The vendor shall maintain a Landing VM, which will start a remote desktop session into the Review VM by running the video conference software, sharing the screen only with the Receiving Party's expert and outside counsel of record, and handing over control to the Receiving Party to conduct the source code review.  For clarity, no employees or representatives of the Designating Party, including the Designating Party's outside counsel of record and experts and other consultants, shall have access to this shared screen session.  An analyst from the vendor shall operate the Landing VM, start and stop control, and address session issues.  The Receiving Party shall maintain control of a Review VM, which will contain the tools and software specified by the Receiving Party for conducting the source code review.  The Receiving Party is responsible for complying with any licensing terms for such software analysis and software tools, including paying for any third-party costs or fees associated with providing those tools.  Only one person from the Receiving Party can have control of the Review VM at a time.  The VM environment shall be available only at scheduled times and access–controlled by the parties' agreed–upon vendor.  The VM environment shall not have internet access besides running the video conferencing software.

(c)    <u>Audit Rights.</u>  The Designating Party may visually monitor the physical activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying or transmission of the source code.  Prior to initiating any source code review, the Receiving Party's representative(s) will begin a videoconference session (separate from the session initiated by the vendor) whereby the Designating Party can visually monitor the physical activities of the representatives during the review. .

8.2    <u>Location and Supervision of Inspection.</u>  This provision shall govern

17

Source Code review when local conditions in the city in which the source code is located permit safe in–person inspection of source code at the offices of the Designating Party's Outside Counsel under this paragraph, or upon mutual agreement of the parties.  Any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" produced in discovery shall be made available for inspection, in a native source code file format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Designating Party's counsel or another mutually agreeable location.  The source code shall be made available for inspection on a secured computer in a secured room, and the Receiving Party shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Designating Party may visually monitor the physical activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying or transmission of the source code.

8.3    Request for Inspection.    Prior to the first inspection of any requested Source Code, the Receiving Party shall provide ten days' notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide seven days' notice prior to any additional inspections.  Each inspection period may span multiple consecutive days (excluding weekend days) without the need for additional seven days' notice.  For an inspection period spanning multiple consecutive days, the Receiving Party shall provide notice during regular business hours if it intends to continue the inspection on the following business day.

8.4    Paper Copies of Source Code Excerpts.    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers or for deposition or trial.  Any source code printing must be on 8.5" x 11" paper with a font no smaller than Courier 10 pt.  Any printed portion that consists of more than fifteen pages of a continuous block of Source Code shall be presumed to be excessive, and

the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may print out a maximum of one hundred fifty pages total, but may request to print additional pages (up to another 150 pages per request)upon demonstration of need, which the Designating Party will not unreasonably deny.  The Designating Party shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

8.5    <u>Access Record.</u>  The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other court document.  Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

8.6    For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

8.7    Except as provided in this sub–paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic

images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.   A NON–PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non–Party in this Action designated as Protected Material.  Such information produced by Non–Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non–Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request,

21

to produce a Non–Party's confidential information in its possession, and the Party is subject to an agreement with the Non–Party not to produce the Non–Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non–Party that some or all of the information requested is subject to a confidentiality agreement with a Non–Party;

(2)    promptly provide the Non–Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non–Party, if requested.

(c)    If the Non–Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non–Party's confidential information responsive to the discovery request.  If the Non–Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non–Party before a determination by the court.  Absent a court order to the contrary, the Non–Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

22

1    Agreement to Be Bound" that is attached hereto as Exhibit A.

2

3    12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

4    PROTECTED MATERIAL

5          When a Producing Party gives notice to Receiving Parties that certain

6    inadvertently produced material is subject to a claim of privilege or other protection,

7    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

8    Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

9    may be established in an e–discovery order that provides for production without prior

10   privilege review.  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or

11   work-product-protected document, whether inadvertent or otherwise, is not a waiver

12   of privilege or protection from discovery in this case or in any other federal or state

13   proceeding.  Until a non-waiver order is entered, information that contains privileged

14   matter or attorney work product shall be immediately returned, or destroyed and

15   certified as such, if such information appears on its face to have been inadvertently

16   produced or if notice is provided of inadvertent production.  Once the Producing

17   Party provides notice of inadvertent production, the Receiving Party may not use the

18   contents of the inadvertently produced document to challenge its privilege

19   designation.

20

21   13.    MISCELLANEOUS

22          13.1   Right to Further Relief.  Nothing in this Order abridges the right of any

23   person to seek its modification by the Court in the future.

24          13.2   Right to Assert Other Objections.  By stipulating to the entry of this

25   Protective Order no Party waives any right it otherwise would have to object to

26   disclosing or producing any information or item on any ground not addressed in this

27   Stipulated Protective Order.  Similarly, no Party waives any right to object on any

28   ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79–5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED  August 7, 2020

*/s/ I. Neel Chatterjee*
Attorneys for JBF Interlude 2009 Ltd. and Interlude U.S. Inc. d/b/a eko

DATED: August 7, 2020

*/s/ Michael A. Jacobs (with permission)*
Attorneys for Quibi Holdings, LLC, Clifton Smith, Joseph Burfitt, Robert A. Post, Jr., Blake Barnes, Eric Buehl, and Jeffrey Katzenberg

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:     August 10, 2020

Honorable Steve Kim
United States Magistrate Judge

25

STIPULATED PROTECTIVE ORDER

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the cases of *Quibi Holdings, LLC v. Interlude U.S. Inc., et al.*, Case No. 2:20-cv-2250-CAS(SKx) and *JBF Interlude 2009 Ltd. et al. v. Quibi Holdings, LLC et al.*, Case No. 2:20–cv–2299–CAS(SKx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

---

STIPULATED PROTECTIVE ORDER