# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**\*REDACTED\***
**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Indra Chatterjee
Cindy Chang
Darryl Woo

Attorneys Present for Defendants:

Michael Jacobs
Benjamin Fox
Soo Park
Richard Stark

**Proceedings:**     **[REDACTED]** – QUIBI'S MOTION TO DISMISS COUNT I OF EKO'S THIRD AMENDED COMPLAINT (Case No. 2:20-cv-02299 ECF No. 219-1; Case No. 2:20-cv-02250 ECF No. 69-1)

QUIBI'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW (Case No. 2:20-cv-02299 ECF No. 221-1; Case No. 2:20-cv-02250 ECF No. 71-1)

## I. INTRODUCTION

Before the Court is the motion to dismiss filed by defendant Quibi Holdings, LLC ("Quibi") and defendant Jeffrey Katzenberg ("Katzenberg") and the motion to stay patent claims pending *inter partes* review by the patent office filed by Quibi. The procedural and factual background of this dispute is set out in the Court's July 28, 2020 Order. See generally Case No. 2299 ("Eko ECF") Nos. 201 – 201-2 (redacted); Eko ECF Nos. 202 – 202-2 (sealed) (the "MTD Order"). Accordingly, the Court recites only those facts necessary to resolve the parties' present motions.

Quibi filed the first-filed action on March 9, 2020, Case No. 2250 ("Quibi ECF") No. 1, and its operative first amended complaint on May 12, 2020. Quibi ECF No. 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*REDACTED*
CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

("Quibi FAC"). Eko filed a separate action against Quibi on March 10, 2020. Eko ECF No. 1. As discussed *infra*, the Court consolidated these actions for pre-trial purposes only in July 2020. The gravamen of the parties' dispute is ownership and use of technology used to stream interactive video through mobile devices, like smartphones and tablets, in different visual orientations simultaneously.

Eko filed a motion to dismiss Quibi's first amended complaint, or in the alternative, to consolidate the two pending actions on May 26, 2020. Quibi ECF No. 39-1. Quibi filed a motion to dismiss Eko's second amended complaint on June 1, 2020. Eko ECF No. 149. On July 28, 2020, the Court granted without prejudice Quibi's motion to dismiss Eko's implied contract, breach of contract, and Lanham Act claims. See generally MTD Order. The Court denied Quibi's motion to dismiss in all other respects and denied Eko's motion to dismiss in its entirety. Id. The Court granted Eko's unopposed motion to consolidate these actions as to pre-trial proceedings only.[1] Id.

Eko thereafter filed the operative third amended complaint on August 27, 2020. Eko ECF No. 212 (redacted); Eko ECF No. 217 (sealed) ("TAC"). The TAC alleges eight claims for relief: (1) breach of implied contract for idea submission under California law against Katzenberg and Quibi; (2) misappropriation of trade secrets pursuant to the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1839 et seq., against Quibi, Smith, and Burfitt; (3) misappropriation of trade secrets pursuant to the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et. Seq., against Quibi, Smith, and Burfitt; (4) infringement of U.S. Patent No. 10,460,765 ("the '765 patent") against Quibi; (5) infringement of U.S. Patent No. 8,600,220 ("the '220 patent") against Quibi; (6) infringement of U.S. Patent No. 10,418,066 ("the '066 patent") against Quibi; (7) correction of inventorship as to U.S. Patent No. 10,554,926 ("the '926 patent"), pursuant to 35 U.S.C.

---

[1] Because these actions have been consolidated, this order cites primarily to documents as filed on the Eko ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*REDACTED*
**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

§ 256, against all defendants except Katzenberg; and (8) declaratory judgment as to ownership of the '926 patent, against Quibi. See Eko TAC ¶¶ 59-155.

On September 10, 2020, Quibi and Katzenberg filed the instant motion dismiss Count I of Eko's third amended complaint. Eko ECF No. 219-1 ("Mot. to Dismiss"). Eko filed an opposition on September 28, 2020. Eko ECF No. 223 ("MTD Opp'n"). Quibi and Katzenberg filed a reply on October 5, 2020. Eko ECF no. 225 ("MTD Reply").

On September 21, 2020, Quibi filed the instant motion to stay Eko's patent claims pending *inter partes* review. Eko ECF No. 221-1 ("Mot. to Stay"). Eko filed an opposition on September 28, 2020. Eko ECF No. 224 ("Mot. to Stay Opp'n"). Quibi and Katzenberg filed a reply on October 5, 2020. Eko ECF no. 226 ("Mot. to Stay Reply").

The Court held a hearing on October 19, 2020. Having carefully considered the parties arguments, the Court finds and concludes as follows.

### III. Relevant Allegations

#### A. Count I of Eko's Third Amended Complaint

Eko alleges the following facts in its TAC.

##### a. Eko's Claimed Rotation Technology

Eko is a media and technology company that provides an interactive video platform designed to be viewed on mobile devices. TAC ¶ 16. In 2012, Eko claims it began developing technology that allows mobile device users to seamlessly transition between viewing mobile videos in either the vertical "portrait" or horizontal "landscape" orientation of their device, while still filling full screen space in either orientation. Id. ¶¶ 24-25 (the "rotation technology"). The rotation technology delivers different video content depending on the user's selected orientation. Id. Eko alleges that the ideas behind the rotation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***REDACTED*
CIVIL MINUTES – GENERAL                              'O'**

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

technology are the subject of the '765 patent, the '220 patent, and the '066 patent (the "Eko patents") that Eko applied for and obtained between 2012 and 2019. See id. ¶¶ 19-22.

Eko claims that one method to implement the ideas behind the rotation technology, not disclosed in the Eko patents, is what it calls its Optimized Real Time Switching ("ORTS") method. Id., ¶ 27. Eko claims that its ORTS method is a trade secret that ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Id.

### b. Eko Meets with Katzenberg in March 2017

Katzenberg and other investors founded Quibi in October 2017. Id. ¶¶ 3, 9, 31. Quibi operates a mobile device application that streams short "quick bite" videos to users. Id. ¶ 33. On March 22, 2017, prior to Quibi's founding, Eko's co-founder Yoni Bloch met with Katzenberg allegedly to demonstrate Eko's non-confidential rotation technology and certain other "non-public aspects of [E]ko's technology platform," such as elements of its "interactive storytelling technology" and materials demonstrating "how the ability to switch between videos could be used to provide non-linear story plots that varied with a user's selections." Id. ¶¶ 28, 60. During the meeting, Bloch displayed for Katzenberg "several then non-public videos that embodied [E]ko's interactive storytelling technology," including examples that showed the ability to interactively change the color of pictured cars and articles of clothing, switch perspectives between performers during a musical performance, and interact with a "'one-on-one' interactive demonstration featuring a professional basketball team." Id. ¶ 60.

Eko claims that during the March 22, 2017 meeting, "Katzenberg expressed a desire to acquire [e]ko and/or its technology." Id. Katzenberg shared that he was interested investing in approximately four or five companies, whose ownership stake would be held by Katzenberg's company, Windrow, LLC ("WndrCo"). Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*REDACTED\***
| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

Following their March 22, 2017 meeting, Katzenberg wrote to Bloch stating that he was "excited to learn about your business and get the chance to see some of the amazing products you've already created." Id. ¶ 29, Ex. 4. "As discussed," Katzenberg continued, "given what my partners and I are building at [Quibi] and assuming it makes sense to you, I'm happy to continue the conversation." Id. Katzenberg then asked Bloch for "a deck and any materials" he could "share with" his partners about the demonstrated rotation technology. Id. Bloch sent Katzenberg the materials he requested, including materials relating to the "non-public ideas and concepts" that Bloch had shared with Katzenberg at the March 22, 2017 meeting. Id. ¶¶ 30, 61, Ex. 4. Specifically, Bloch sent Katzenberg what Eko claims were non-confidential materials including video clips of mobile devices demonstrating Eko's "portrait-to-landscape rotation technology". Id. ¶ 30, Ex. 4.

Quibi did not ultimately purchase or license the rotation technology from Eko in 2017. Id. ¶ 31. Eko alleges that instead of entering into a business deal with Eko, Katzenberg founded Quibi using Eko's "non-public ideas and concepts for interactive storytelling" that he had accepted from Bloch in connection with the March 22, 2017 meeting. Id. ¶ 63. Quibi ultimately incorporated Eko's interactive video ideas, including "at least the portrait to landscape rotation idea and technology concept", into its own "Turnstyle" feature, which allows users to view content on their mobile devices in any orientation and "view 'different content, different ways'". Id. Eko further alleges that Katzenberg and Quibi have "used or claim[ed] as [their] own" other non-public aspects of Eko's interactive storytelling technology that were disclosed by Bloch to Katzenberg during their meeting. Id. Eko claims that it first became aware of Quibi's use of its technology, including Quibi's "Turnstyle" feature in January 2020, at around the time Quibi publicized "Turnstyle" at the Consumer Electronics Show ("CES"). Id. ¶ 64.

### B. Quibi's IPR Petitions

On August 28, 2020, Quibi filed two petitions for *inter partes* review of the '220 patent. Eko ECF Nos. 221-4, 221-5 ("the IPR Petitions"). Taken together, the IPR Petitions request the review of all 21 claims of the '220 patent. Id. Additionally, Quibi

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*REDACTED*
**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

has represented to the Court in its reply briefing that it intends to also seek *inter partes* review of the '066 patent through one or more IPR Petitions that will be filed by October 23, 2020. Mot. to Stay Reply at 1.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under 12(b)(6), a district court should dismiss a claim if "there is a 'lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a 12(b)(6) motion, a court must accept as true all material allegations in the complaint, and all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1988). A court must read the complaint in the light most favorable to the non-movant. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*REDACTED*
CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
| --- | --- | --- | --- |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a 12(b)(6) motion into a motion for summary judgment, the court cannot consider material outside of the complaint, such as facts presented in briefs, affidavits, or discovery materials. In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). However, a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be granted freely. Fed. R. Civ. P. 15(a). However, the court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Motion to Stay Pending *Inter Partes* Review

The Leahy-Smith America Invents Act ("the AIA") "replaced the former *inter partes* reexamination proceeding with an *inter partes* review process." PersonalWeb Techs., LLC v. Apple Inc., 69 F. Supp. 3d 1022, 1024 (N.D. Cal. 2014). *Inter partes* review ("IPR") allows a party, other than the patentee, to bring an adversarial proceeding in the PTO to "cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under 35 U.S.C. §§ 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). Three technically-trained Administrative Patent Judges of the PTAB conduct the IPR. 35 U.S.C. § 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*REDACTED*
CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:20-CV-02299-CAS (SKx) 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

The PTO will grant an IPR request if the party seeking review "shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). "[I]f if an IPR is instituted, the PTAB 'must address every claim the petitioner has challenged.'" Wi-LAN Inc. v. LG Elecs., Inc., No. 18-cv-01577-H-AGS, 2019 WL 5698259, at *7 (S.D. Cal. Nov. 4, 2019) (citing SAS Inst., Inc. v. Iancu, 138 S. Ct. 1348, 1354 (2018)). If the PTO grants a request for IPR, the PTAB must issue a final determination "not later than 1 year" after the petition is granted, but the one-year period may be extended by 6 months based on a showing of good cause. 35 U.S.C. § 316(a)(11).

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). In considering whether to stay an action pending IPR, courts typically consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). In conducting this inquiry, "the totality of the circumstances governs." Id. at 1031. Many courts have "recognized a liberal policy in favor of granting motions to stay pending IPR." Zomm, LLC v. Apple Inc., 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (internal citation and quotation marks omitted). "To be sure, a court is under no obligation to delay its own proceedings by yielding to ongoing PTAB patent reexaminations—even if the reexaminations are relevant to the infringement claims before the Court." SpeakWare, Inc. v. Microsoft Corp., No. 8:18-cv-01293-DOC-DFM, 2019 WL 1878350, at *2 (C.D. Cal. Feb. 21, 2019) (internal citation and quotation marks omitted). Accordingly, "whether to stay is always within the court's discretion." Zomm, 391 F. Supp. 3d at 956.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*REDACTED*
CIVIL MINUTES – GENERAL                                          'O'

| Case No. | 2:20-CV-02299-CAS (SKx) 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

## IV.  DISCUSSION

### A. Katzenberg and Quibi's Motion to Dismiss the Implied Contract Claim

Katzenberg and Quibi contend that Eko has failed to state a claim for breach of implied contract against Katzenberg because it does not plead facts sufficient to plausibly show that Katzenberg knew before receiving Eko's ideas that he was agreeing to compensate Eko for any use of those ideas.  Mot. to Dismiss at 1.  Likewise, Quibi argues that Eko has failed to state a claim for aiding and abetting a breach of implied contract against it both because Eko has not adequately pled the existence of any implied contract and because, even assuming *arguendo* that there were an implied contract, aiding-and-abetting liability applies only to tort claims as a matter of California law.  Id. at 9.

"[T]he California Supreme Court has held that contract law may provide protection to a person who submits an idea to others with the understanding that the idea is submitted in consideration for a promise of payment for its use." Jordan-Bentel v. Universal City Studios, Inc., 859 F.3d 1184, 1191 (9th Cir. 2017) (citing Desny v. Wilder, 46 Cal. 2d 715, 735-37 (1956)).  To state a Desny claim for "breach of implied-in-fact contract" for idea submission under California law, the Ninth Circuit has held that a plaintiff must allege "that the plaintiff [1] prepared the work, [2] disclosed the work to the offeree for sale, and [3] did so under circumstances from which it could be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work." Grosso v. Miramax Film Corp., 383 F.3d 965, 967 (9th Cir. 2004); see also Montz v. Pilgrim Films & Television, Inc., 649 F.3d 975, 976 (9th Cir. 2011) (en banc) (stating that "Grosso has firm roots in our federal law as well as in the California law").

#### a. Breach of Implied Contract by Katzenberg

Here, the Court concludes that Eko has sufficiently alleged breach of an implied contract between Katzenberg and Eko.  First, there is no dispute that Eko "prepared the work" at issue and shared it with Katzenberg as part of an offer for sale. What remains for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***REDACTED***
**CIVIL MINUTES – GENERAL**                                          **'O'**

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

the Court to consider is whether it can infer from the information disclosed and the circumstances of the parties' meeting that Katzenberg knew or should have known that he was accepting Eko's disclosure in exchange for a promise to pay if the ideas were used.

Eko has sufficiently pled that Katzenberg should have understood the March 22, 2017 meeting to establish a specific contractual obligation that Eko "would be reasonably compensated" for the use of at least some of the ideas disclosed at the meeting. Grosso, 383 F.3d at 967. Eko's third amended complaint alleges both that Bloch shared aspects of Eko's technology that were not public in connection with the meeting and that that, during the same meeting, Katzenberg expressed interest in purchasing Eko's technology. See TAC ¶ 60. Specifically, Eko alleges that in addition to "non-confidential" materials demonstrating Eko's rotation technology, Bloch shared a number of "non-public aspects of [E]ko's technology platform" with Katzenberg. Id. at ¶¶ 30, 60. This included then non-public materials demonstrating potential applications of Eko's interactive storytelling technology, such as the ability to switch between performer perspectives or plot points or to alter the appearance of elements of the video. Id. ¶ 60. Katzenberg and Quibi contend that Eko's allegations that it shared non-public information with Katzenberg are not sufficient because, given the disclosures in its patent application and a *New Yorker* article Bloch sent to Katzenberg in response to Katzenberg's March 22, 2017 email, it "does not plausibly allege facts showing that Bloch disclosed information beyond that which was publicly available." Mot. to Dismiss at 7-8. However, even if the Court were to take judicial notice of those documents—as Katzenberg and Quibi have requested—the issue of whether those documents disclosed all of the purportedly non-public ideas that Bloch shared with Katzenberg is a question of fact that is more appropriately decided on a motion for summary judgment. See e.g. MACOM Tech. Sols. Inc. v. Litrinium, Inc., No. 8:19-cv-00220-JVS-JDE, 2019 WL 4282906, at *7 (C.D. Cal. June 3, 2019) (rejecting argument that patents and patent applications, which allegedly disclosed same designs and processes claimed by plaintiffs to be confidential information that defendants misappropriated, required dismissal at pleading stage because whether the information was "actually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*REDACTED\***
**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

generally known to the public is a question of fact and beyond the scope of a motion to dismiss.").

Further, Eko alleges that Katzenberg stated at the March 22, 2017 meeting that he was *interested in purchasing Eko's technology*. The Court finds that a stated interest in buying the technology sufficiently implies that Katzenberg knew that Eko was offering its non-public ideas regarding the technology for sale and that he would have to pay in order to use them. Cf. Minniear v. Tors, 266 Cal. App. 2d 495, 504 (1968) (statements by television producer that plaintiff's film "contained an excellent idea" and the producer "had been contemplating making a series" on the same topic supported a finding that an implied contract was formed even absent an express statement of intent to pay for the idea disclosed). Accordingly, the Court concludes that the TAC adequately pleads that Katzenberg voluntarily accepted Eko's disclosure of ideas knowing that they were offered with the expectation that Eko would be compensated for their use.

Likewise, Eko has sufficiently pled that Katzenberg used the non-public ideas disclosed at the March 22, 2017 meeting in breach of the implied contract. Specifically, Eko alleges that Katzenberg incorporated Eko's "non-public ideas and concepts for interactive storytelling" into the feature that "Quibi call[s] 'Turnstyle'." TAC ¶ 63. Eko further alleges that, even prior to the development of "Turnstyle," Katzenberg had touted technology that will allow users "to view media on [their] smartphone[s] in any orientation […] and view 'different content, different ways'," which Eko contends "reflected at least the portrait to landscape rotation idea and technology concept" disclosed to Katzenberg by Bloch. Id. Although Katzenberg and Quibi are correct that Eko also alleges that it publicly disclosed non-trade secret aspects of its rotation technology in its patent application *before* the March 22, 2017 meeting, TAC ¶ 26 & Ex. 1, the existence of the patent application does not compel the conclusion that all aspects of the rotation technology that Bloch shared with Katzenberg were then public. To the contrary, Eko further alleges that it did not disclose at least one of the ideas behind its rotation technology, the ORTS method, because it is a trade secret. TAC ¶ 26. While the Court accepts as true Eko's allegation that Bloch disclosed only "non-confidential" information to Katzenberg in connection with the March

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***REDACTED***
**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

22, 2017 meeting, the Court cannot determine based on the pleadings alone that all of Eko's ideas related to the rotation technology were either (a) disclosed in the patent application, or (b) maintained as trade secrets. See TAC ¶ 28. Accordingly, Court concludes that Eko has sufficiently alleged that Katzenberg has used the non-public, non-confidential interactive video ideas Eko disclosed at the March 22, 2017 meeting, including as part of Quibi's "Turnstyle" feature.

### b. Aiding and Abetting Theory

Eko's claim against Quibi for breach of implied contract alleges that Quibi "aided and abetted" Katzenberg's purported breach of that contract by "developing and promoting, without compensation to [E]ko, Turnstyle's features as Quibi's own intellectual property in accordance with the ideas and concepts [E]ko provided to Katzenberg." TAC ¶¶ 65, 66. Quibi moves to dismiss on the grounds that aiding and abetting liability applies only to tort claims as a matter of California law. Mot. to Dismiss at 9. In response, Eko argues that it has properly alleged a claim for breach of implied contract against Quibi directly and that it is not asserting a claim that Quibi aided and abetted Katzenberg's breach. MTD Opp'n at 17-18.

First, Eko has not properly alleged that it formed an implied contract with Quibi or that Quibi has breached any such contract. In its opposition briefing, Eko maintains that the "TAC alleges a breach of implied contract claim against Quibi" that is not founded on a theory of aiding and abetting and dismisses Quibi's argument that "[E]ko is alleging an aiding and abetting cause of action" as a "strawman." Id. at 17-18. Eko further explains that it "does not assert a separate claim for aiding and abetting" but rather includes allegations that Quibi "aided and abetted" Katzenberg only to demonstrate "facts showing how Quibi was complicit in and unjustly benefited from, Katzenberg's breach." Id. at 18. That explanation flies in the face of Eko's own allegations in the TAC, which simply does not assert any facts indicating that Quibi formed any contract—express or implied—with Eko in connection with the March 22, 2017 meeting. See generally TAC ¶¶ 1-10, 12-17,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***REDACTED***
**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-02299-CAS (SKx) 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

24-25, 28-30, 59-66. To the contrary, what Eko alleges is that Katzenberg "later formed" Quibi to "take advantage" of Eko's non-public ideas, that "Quibi aided and abetted Katzenberg in breaching *his* implied contract with [E]ko," and that "Quibi's conduct was a substantial factor in causing harm to [E]ko through aiding and abetting Katzenberg in *his* breach" Id. ¶¶ 62, 65, 66. (emphasis added). Indeed, it is unclear to the Court how Eko could allege that it formed a contract with Quibi in connection with the meeting, given Eko's acknowledgement that Quibi did not exist on March 22, 2017. Id. ¶ 62. As such, Eko's allegations are plainly insufficient to allege that it formed a contract with Quibi. "An implied contract … in no less degree than an express contract, must be founded upon an ascertained agreement of *the parties* to perform it." Gorlach v. Sports Club Co., 209 Cal. App. 4th 1497, 1507, 148 Cal. Rptr. 3d 71, 79 (2012) (internal alterations omitted) (emphasis added). Although an implied contract may be inferred from the conduct of the parties, it nevertheless requires a showing that *those parties* possess "obligations arising from *a mutual agreement and intent to promise.*" Id. (quoting Retired Employees Assn. of Orange County, Inc. v. County of Orange (2011) 52 Cal.4th 1171, 1178, 134 Cal.Rptr.3d 779, 266 P.3d 287) (emphasis in original). "Privity between the parties is a necessary element of an implied-in-fact contract claim" under California law. Benay v. Warner Bros. Entm't, 607 F.3d 620, 634 (9th Cir. 2010), overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin, 952 F.3d 1051 (9th Cir. 2020). Here, Eko's allegation that Quibi had not been formed on March 22, 2017 precludes any inference that Eko and *Quibi* could have reached a mutual agreement regarding material that Eko

///

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***REDACTED***
**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

disclosed to Katzenberg on that date.² As such, Eko has not sufficiently pled breach of implied contract against Quibi.³

---

² Eko's reliance on Wilder v. CBS Corp. for the proposition that implied contract liability may exist where a party "assist[s] others" in activity that constitutes a breach misses the mark. The Wilder court addressed a situation in which the party to whom the idea was pitched—Sony—was alleged to have breached an implied contract formed through the pitch meeting by assisting a separate production company—CBS—in producing a show based on the pitched idea. Only Sony was sued on a breach of implied contract theory, which the court allowed to proceed. Meanwhile, the court dismissed all claims against CBS and granted an anti-SLAPP motion in favor of CBS, finding that all claims against CBS were subject to copyright preemption. See Wilder v. CBS Corp., No. 2:12-CV-8961-SVW-RZ, 2016 WL 693070, at *3 (C.D. Cal. Feb. 13, 2016). Here, Eko has not raised an analogous factual circumstance because it has not alleged that it pitched its ideas to Quibi, the party against which it seeks to maintain an implied contract claim.

³ At the hearing, Eko further urged the Court to consider the Ninth Circuit's ruling in Montz v. Pilgrim Films and Television, LLC for the proposition that a Desny claim may be maintained against a party to which the idea was not offered for sale, but which subsequently partnered with the offeree to use the pitched idea. 649 F.3d 975 (9th Cir. 2011). But Montz, which primarily concerns the extent to which Desny claims are subject to copyright preemption, does not hold that a Desny implied contract claim is cognizable against a party to whom the idea was not pitched. To the contrary, the Ninth Circuit explained that the Montz plaintiffs had alleged that the partner production company — Pilgrim—breached an implied-in-fact contract based on allegations in the complaint that "[p]laintiffs communicated their ideas for the 'Ghost Hunters' Concept to the [d]efendants," including lead defendant Pilgrim, and that it was agreed that all "[d]efendants would not disclose, divulge or exploit the [p]laintiff's ideas and concepts without compensation." Id. at 977-78. Because Eko has not similarly alleged that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*REDACTED*
CIVIL MINUTES – GENERAL                                          'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

Second, to the extent that Eko does allege an aiding and abetting claim against Quibi, such a claim fails as a matter of California law. "California has adopted the common law rule for subjecting a defendant to liability for aiding and abetting a tort." Casey v. U.S. Bank Nat. Assn., 127 Cal. App. 4th 1138, 1144 (2005); see also Schulz v. Neovi Data Corp., 152 Cal. App. 4th 86, 93, 60 Cal. Rptr. 3d 810, 816 (2007) (aiding and abetting liability may exist for "one who aids and abets the commission of an intentional tort"). Here, neither Eko's claim for breach of implied contract against Katzenberg, nor any claim for aiding and abetting such a breach against Quibi sounds in tort. Other courts have expressly rejected aiding and abetting liability for a breach of contract as a matter of California law. See, e.g., whiteCryption Corp. v. Arxan Techs., Inc., No. 15-cv-00754-WHO, 2015 WL 3799585, at *4 (N.D. Cal. June 18, 2015) ("Arxan provided no authority, and I am aware of none, recognizing a cause of action for aiding and abetting a breach of contract under California law."); see also Gamache v. Airbnb, Inc., No. A146179, 2017 WL 3431651, at *5 (Cal. Ct. App. Aug. 10, 2017) (unpublished opinion) (rejecting plaintiffs' argument that it could assert a claim for breach of the covenant of quiet enjoyment pursuant to "aiding and abetting" theory, reasoning that "the covenant of quiet enjoyment sounds in contract"); R. Prasad Indus. v. Flat Irons Envtl. Sols. Corp., No. 12-cv-08261-PCT-JAT, 2013 WL 2217831, at *8 (D. Ariz. May 20, 2013) (rejecting argument that Arizona law allows a stranger to a contract to "aid and abet" a breach of contract, explaining that "[a] breach of contract is not a tort and Prasad has provided no authority—and the Court has found none—recognizing a cause of action for aiding and abetting a breach of contract."); Montgomery v. Aetna Plywood, Inc., 231 F.3d 399, 413 n.6 (7th Cir. 2000) ("Class counsel cites, and we have discovered, no Illinois case recognizing a cause of action for aiding and abetting a breach of contract[.]").

"In a case requiring a federal court to apply California law, the court must apply the law as it believes the California Supreme Court would apply it." Kairy v. SuperShuttle

---

disclosed its ideas for sale to Quibi (as opposed to Katzenberg), Montz does not support an implied contract claim against Quibi.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*REDACTED\***
**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-02299-CAS (SKx) | Date | October 19, 2020 |
| --- | --- | --- | --- |
| | 2:20-CV-02250-CAS (SKx) | | |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. | | |
| | QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

Int'l, 660 F.3d 1146, 1150 (9th Cir. 2011). Eko provides no authority that would allow the Court to conclude that California law, as interpreted by the California Supreme Court, permits a claim for breach of implied contract based on an "aiding and abetting" theory. Accordingly, Court concludes that Eko's implied contract claim against Quibi fails.

### B. Quibi's Motion to Stay the Patent Claims Pending IPR

Quibi argues that "[a] stay of all Eko's patent claims is [] warranted to avoid sequential claim construction proceedings and the risk of duplicative damages" because Quibi has two pending *inter partes* review petitions regarding the '220 patent.[4] Mot. to Stay at 1. Quibi contends that those petitions are "likely to result in institution of IPR proceedings" and invalidation of Eko's patent claims, and thus "significantly narrow[] the issues" before this Court. Id. In the alternative, Quibi asks the Court to consider staying the '220 patent claim alone. Id.

At present, as Quibi acknowledges, the PTAB has not yet decided whether to institute proceedings on either of Quibi's pending IPR petitions. Id. at 4. A decision on those petitions is not expected until March 17, 2021, more than five months from now. Id. Until the PTAB decides whether to grant Quibi's IPR petitions, the Court cannot determine whether the IPR process will occur or have any simplifying effect on this litigation. See Polaris Innovations Ltd. v. Kingston Tech. Co., Inc., No. SACV 16-00300-CJC-RAOx, 2016 WL 7496740, at \*2 (C.D. Cal. Nov. 17, 2016) (finding that "stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed" because until the PTAB grants review "any simplification as a result of PTAB proceedings is inherently speculative."); DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp., No. 15-CV-01362-BLF, 2015 WL 12859346, at \*2 (N.D. Cal. Oct. 13, 2015) (denying stay before institution and finding that

---

[4] As noted above, Quibi further represents in its reply briefing that it intends to file at least one IPR petition regarding the '066 patent by October 23, 2020. Mot. to Stay Reply at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*REDACTED*
**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-02299-CAS (SKx) 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

"the question of whether a stay will simplify and streamline the issues depends entirely on whether the PTAB decides to grant the IPR petition"). Accordingly, the Court concludes that Quibi's motion to stay the patent claims pending IPR review is premature at this stage and more appropriately considered in the event that the PTAB institutes IPR proceedings.

Moreover, it is unclear that the IPR process will meaningfully simplify this litigation even if the PTAB ultimately grants one or more of Quibi's petitions and institutes proceedings. First, IPR proceedings will not resolve all of the issues—or even all of the patent issues—before this Court. Irrespective of any claim determinations by the PTAB, the majority of the parties' claims for relief must be litigated before this Court, including Eko's trade secret misappropriation claims, its contract claim, and its claims regarding the '076 and '926 patents. See generally TAC. As such, "the reexamination is guaranteed to not resolve all issues in the case, and it may not even simplify them." Toshiba Tec Corp. v. Katun Corp., No. SA CV 15-01979-SJO-JCx, 2016 WL 9137646, at *3 (C.D. Cal. Sept. 21, 2016) (declining to issue stay prior to institution in part because the case included "two patents [that] must be litigated regardless of the PTAB's decision [on] whether to institute IPR proceedings").

Second, there is no assurance that PTAB proceedings regarding Quibi's IPR petitions will advance this Court's consideration of the patent claims at issue in the IPR petitions, even if the PTAB grants review. That is because determinations made by the PTAB during IPR review will not become binding on this Court until the parties have exhausted the appeals process before the Federal Circuit. See Evolutionary Intelligence, LLC v. Sprint Nextel Corp., No. C-13-03587, 2014 WL 4802426, at *4 (N.D. Cal. Sept. 26, 2014) ("the PTAB's [claim] constructions will not be binding on this court"); DMF, Inc. v. AMP Plus, Inc., No. 2:18-cv-07090-CAS-GJSx, 2019 WL 9077477, at *11, n.1 (C.D. Cal. Dec. 13, 2019) (observing that "any IPR decision from the PTAB is not immediately binding on the Court until all possible appeals are exhausted or the time to appeal expires"). Here, even if the PTAB grants IPR review, it will have at least one year from its grant of the IPR petition to issue a decision, before the appeals process could even begin. See Chrimar Sys. Inc v. Ruckus Wireless, Inc., No. 16-cv-00186-SI, 2016 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*REDACTED\***
**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

5403595, at \*2 (N.D. Cal. Sept. 26, 2016) ("The PTAB must complete the IPR within twelve months of its institution, unless there is good cause for an extension of no more than six months."). As such, a stay pending IPR proceedings here could delay this litigation far beyond the April 2022 trial date, without creating any certainty that the issues in this case will be simplified by the IPR process.

Accordingly, the Court **DENIES** Quibi's motion to stay pending IPR review, without prejudice to its renewing the motion in the event the PTAB grants its IPR petitions.

## V.  CONCLUSION

In accordance with the foregoing, the Court orders as follows:

- The Court **DENIES** the motion to dismiss Eko's implied contract claim as to Katzenberg, but **GRANTS** the motion as to the aiding and abetting theory against Quibi, with leave to amend.

- The Court **DENIES** Quibi's motion to stay pending *inter partes* review, without prejudice to Quibi's renewing the motion in the event that the PTAB grants Quibi's IPR petition.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |