GOODWIN PROCTER LLP
I. Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
Elizabeth J. Low (SBN 308098)
elow@goodwinlaw.com
601 Marshall Street
Redwood City, California 94063
Telephone: (650) 752-3100
Facsimile: (650) 853-1038

GOODWIN PROCTER LLP
Darryl M. Woo (SBN 100513)
dwoo@goodwinlaw.com
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE

Attorneys for Plaintiffs
JBF Interlude 2009 Ltd., and
Interlude U.S., Inc. d/b/a eko

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| QUIBI HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTERLUDE U.S., INC. d/b/a eko; and JBF INTERLUDE 2009 LTD. - ISRAEL,<br><br>Defendants. | Case No. 2:20-cv-2250-CAS(SKx)-LEAD<br><br>**EKO'S OPPOSITION TO QUIBI'S REQUEST FOR SANCTIONS**<br><br>**[Discovery Document: Referred to Magistrate Judge Steve Kim]**<br><br>Judge:   Hon. Steven Kim<br>Date:    none set<br>Time:    none set<br>Crtrm:   540<br><br>Filed/Concurrently Lodged With:<br>   1.  Declaration of Darryl M. Woo |

| | |
|---|---|
| JBF INTERLUDE 2009 LTD, and INTERLUDE U.S., INC. d/b/a eko, <br><br> Plaintiffs, <br><br> v. <br><br> QUIBI HOLDINGS, LLC, WNDRCO HOLDINGS, LLC, QBI HOLDINGS, LLC, NEW QBI, LLC, CLIFTON L. SMITH, JR., JOSEPH BURFITT, ROBERT A. POST, JR., BLAKE BARNES, ERIC BUEHL, AND JEFFREY KATZENBERG, <br><br> Defendants. | Case No. 2:20-cv-2299-CAS(SKx)-CONSOLIDATED |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Court's March 10, 2021 Order (2299 Dkt. No. 454), eko submits the following opposition to Quibi's request for sanctions in connection with the motion to compel further responses to its Requests for Admissions ("RFAs").

**A.    QUIBI IS NOT ENTITLED TO SANCTIONS**

As explained below, eko offered to supplement its responses before Quibi filed the joint stipulation, which mooted the majority of issues; Quibi did not make a good faith effort to obtain supplemental responses before resorting to the joint stipulation; and eko's refusal to supplement prior to this point was substantially justified.  Fed. R. Civ. P. 37(a)(5); *see* 2299 Dkt. No. 444 (Jt. Stip.) at 3 (Quibi's fee request under Rule 37(a)(5)).

Federal Rule of Civil Procedure ("Rule") 37(a)(5)(A) precludes the court from ordering payment of "reasonable expenses" if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Local Rule 83-7(a) adds that monetary sanctions are only permitted upon a finding that "the conduct was willful, grossly negligent, or reckless[.]"  Attorneys' fees and costs should only be imposed if "the conduct rises to the level of bad faith and/or a willful disobedience of a court order[.]"  L.R. 87-3(b).  Consistent with these rules, this Court generally denies sanctions unless and until there are violations of discovery orders, and not merely because it rules in the movant's favor.  *See, e.g.*, *NexGen HBM, Inc. v. ListReports, Inc.*, No. 17-cv-06522-AB (SK), 2018 WL 6438572, at *3 (C.D. Cal. Sept. 6, 2018); *Happy Place, Inc. v. Hofesh*, LLC, No. 18-cv-6915-ODW (SKx), 2019 WL 4221400, at *2 (C.D. Cal. May 17, 2019).

The Court expressed concern that Quibi should not have had to work so hard to obtain the supplemental responses eko provided in the joint statement.  2299 Dkt. No. 456 (Mar. 10, 2021 Tr.) at 63:18-19.  But Quibi's efforts were entirely manufactured.  Quibi served vague RFAs.  Despite eko's supplementation of 25

1

RFAs and requests for clarification when Quibi again asserted deficiencies, Quibi refused to supply any explanation throughout the meet and confer process. Quibi could have requested a less expensive and less time consuming informal discovery conference, which likely would have eliminated the need for a joint stipulation and motion. Yet Quibi eschewed an IDC, failed to meet and confer in good faith, and skipped directly to a joint stipulation. *See* Fed. R. Civ. P. 37(a)(5)(A)(i); Fed. R. Civ. P. 1.

Sanctions are also not warranted because eko offered to supplement its responses prior to the filing of the joint stipulation. Fed. R. Civ. P. 37(a)(5) (fee award is appropriate "if the disclosure or requested discovery is provided ***after*** the motion was filed") (emphasis added). Quibi first set forth its real positions in the joint stipulation, which it provided on February 9, 2021. 2299 Dkt. No. 441-29 at 5. On February 15, eko offered to supplement some of its responses, but Quibi declined this offer. *Id.* at 4. Notably, eko's proposed supplemental responses, which the Court found sufficient, did not substantively change the vast majority of eko's initial responses. Eko merely rephrased its responses to address the specific complaints Quibi raised for the first time in the joint stipulation. Eko's offer to supplement sought to narrow the dispute or avoid litigating it altogether. At the point of eko's offer, the joint stipulation should have centered on the RFAs left in dispute: Nos. 50, 51, 61, 62, 63, 64, and 74.[1] Rather than address RFAs ripe for adjudication, however, Quibi's motion addressed even those RFAs that eko had offered to supplement.[2]

### 1. Quibi Failed to Meaningfully Meet and Confer and to Articulate Its Positions Until It Provided Its Portion of the Joint Stipulation

The timeline of events shows that eko could not reasonably have addressed

---

[1] The Court's tentative order (2299 Dkt. No. 464 at 2) does not expressly address RFA Nos. 1, 2, 26, 28, 39, 40, 55, 66, 67, 76, 78, 80, 82, 86, 88, and 96, as to which any issues were mooted as early as February 15, 2021, when eko offered to supplement its responses to them. Certainly they were mooted by February 17, when eko provided Quibi with its portion of the joint stipulation with proposed responses.

[2] While sanctions are not warranted, any award should reflect only that portion as to which there was an actual dispute and motion granted. Fed. R. Civ. P. 37(a)(5)(C).

Quibi's concerns until the joint stipulation.  During the initial meet and confer, counsel for Quibi did not articulate specific alleged deficiencies and instead said merely that they would provide eko with a list of deficiencies by email.  Declaration of Darryl M. Woo ¶ 2; *see* 2299 Dkt. No. 444-4 (Nov. 13, 2020 email from B. Fox).  But Quibi's November 13 email did not identify specific deficiencies.  2299 Dkt. No. 444-4.  For instance, Quibi merely claimed in conclusory form that "[e]ko's responses to RFA Nos. 19-21, 23, 29, 31, 36, 44, 50-51, and 90 are evasive and fail to respond to the questions posed." *Id.* at 1.  Quibi provided no further detail.

As but one example, the joint stipulation made an entirely different argument from Quibi's meaningless email accusation of evasiveness.  RFA No. 36 asks eko to "[a]dmit that the form of the nondisclosure agreement that Clifton Smith and Joseph Burfitt signed during their March 28, 2019, visit to Eko's offices was presented to other visitors as a standard part of the check-in process at Eko's offices."  Jt. Stip. at 13.  Based on its understanding of this Request, eko "admit[ted] that it maintains a policy and practice of requiring visitors to sign a nondisclosure agreement prior to entering its offices.  Such policies and practices were in place when Clifton 'CJ' Smith and Joseph Burfitt visited eko's offices on March 28, 2019.  Eko otherwise denies the remainder of this Request." *Id.* at 14.  This response was proper given that, as eko pointed out in its response, terms such as "form of the nondisclosure agreement" and "standard part of the check-in process" are vague and undefined. *Id.*

In the joint stipulation, Quibi abandoned its "evasiveness" charge and explained what it meant for the first time that "form of the nondisclosure agreement" meant "the ***same*** form presented to other visitors[,]" which then allowed eko to provide a supplemental response. *Id.* at 15 (emphasis added).  At no point previously, during the meet and confer process, did Quibi provide a definition, and Quibi never clarified what "standard part of the check-in process" means.  Eko's supplemental response – which the Court deemed adequate – is substantively identical to eko's initial response, but rephrased to ameliorate Quibi's complaint as to definition: "Eko

admits that it maintains a policy and practice of requiring visitors to sign a nondisclosure agreement prior to entering its offices.  Such policies and practices were in place when Clifton "CJ" Smith and Joseph Burfitt visited eko's offices on March 28, 2019."[3]

### 2.    Eko's Initial and First Supplemental Responses Were Proper

Eko's portion of the joint stipulation shows that its initial and first supplemental responses were fully responsive.  And, while eko offered to again supplement its responses to minimize disputes, many of eko's proposed supplemental responses, which the Court found sufficient, provided the same substantive information as eko's earlier responses.  For instance, eko's proposed responses to RFA Nos. 76, 78, and 82 reframe the answer in the manner Quibi requested, but provide the same substance as the November 12, 2020 responses.

### 3.    Quibi Did Not Suffer Prejudice from Any Alleged Delay

Quibi was not prejudiced by eko's offer to amend its RFA responses.  *See Adams v. Kraft*, No. C-10-00602-LHK-HRL, 2011 WL 1522407, at *2 (N.D. Cal. Apr. 21, 2011) (denying sanctions where "defendants have not been seriously prejudiced by plaintiff's delay in serving his discovery responses").  The fact discovery cut-off is not until September 14, 2021.  2299 Dkt. No. 200 at 2.  The parties agreed to substantial completion of document productions by April 30, and earlier, by March 30, for certain prioritized categories.  Depositions have only begun, and will continue after the documents are produced.  Thus, there is adequate time for eko to supplement its responses to take issues off the table.  *See Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2016 WL 2988834, at *16 (N.D. Cal. May 24, 2016) (permitting amendment of RFAs responses where movant "ha[d] not shown that it will be prejudiced  by amendment").

Quibi's lack of prejudice is shown by its own delay in seeking relief.   Quibi

---

[3] For brevity's sake, eko omits its objections to the undefined terms here and only provides the gravamen of its response.  Eko's supplemental response will state the entire response provided in the joint stipulation. Jt. Stip. at 15-16.

did nothing but wait from November 13, 2020, until February 9, 2021 – nearly three months after the parties' last communication – before identifying specific deficiencies via Quibi's portion of the joint stipulation.    2299 Dkt. No. 441-29 (Feb. 9, 2021 email from Quibi sending joint stipulation); *see Wyles v. Sussman*, 445 F. Supp. 3d 751, 755 (C.D. Cal. 2020) (Kim, J.) ("[P]arties may not unduly delay in filing motions to compel no matter their merit.") (cleaned up).

### 4.    Eko's Actions Do Not Rise To The Level of Sanctionable Conduct

Eko's actions were not willful, grossly negligent, reckless, or in bad faith, and thus do not warrant sanctions.  L.R. 87-3.  RFAs disputes are a normal occurrence given their preclusive nature, especially where Quibi's RFAs were less than clear, and eko provided the best responses it could.  Eko should not be penalized simply for its attempt to avoid burdening the Court with yet another dispute.  *See Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 310 (C.D. Cal. 2020) ("Discovery between parties should be cooperative and largely unsupervised by the district court.").

Courts have generally awarded sanctions only after the offending party had engaged in repeated violations of discovery orders and rules.  For instance, this Court recently found monetary sanctions justified where counsel (1) flouted three Court orders to amend discovery responses and to meet and confer in person with opposing counsel, and (2) sent someone who was not counsel of record to appear at a meet and confer.  *Id.* at 313.  This Court has also denied sanctions unless and until there are violations of discovery orders.  *See, e.g.*, *NexGen HBM, Inc.*, 2018 WL 6438572, at *3; *Happy Place, Inc.*, 2019 WL 4221400, at *2.  Eko has not flouted *any* Court orders, let alone done so willfully or in bad faith.  L.R. 87-3(a), (b).  It has engaged in the discovery dispute process, and will comply with future Court orders.

### B.    CONCLUSION

The Court should not impose sanctions, but if it does, eko requests an opportunity to address the reasonableness of the requested fees.  Fed. R. Civ. P. 37(c)(1)(A) (requiring "an opportunity to be heard" before imposing fees).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  March 17, 2021

Respectfully submitted,

By:  /s/ Darryl M. Woo

Darryl M. Woo (SBN 100513)
dwoo@goodwinlaw.com
Three Embarcadero Center
San Francisco, CA  94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

I. Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
Elizabeth J. Low (SBN 308098)
elow@goodwinlaw.com
601 Marshall Street
Redwood City, CA  94063
Telephone: (650) 752-3100
Facsimile: (650) 853-1038

Cindy Chang (pro hac vice)
(cindychang@goodwinlaw.com)
620 8th Avenue
New York, New York 10018
Telephone: (212) 813 8800
Facsimile: (212) 355-3333

Christie Larochelle (pro hac vice)
(clarochelle@goodwinlaw.com)
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

Attorneys for Plaintiffs
JBF Interlude 2009 Ltd.
and Interlude U.S., Inc. d/b/a eko

6